Don A. Hernandez, Esq. (SBN 125119)
HERNANDEZ SCHAEDEL & ASSOCIATES, LLP
2 North Lake Avenue, Suite 930
Pasadena, California 91101
Telephone: (626) 440-0022
Facsimile: (626) 628-1725
E-mail address: dhernandez@hernlaw.com

Scott S. Christie
Mark H. Anania
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(Pending admission pro hac vice)

Attorneys for Defendant
HAYWARD INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBQUEST.COM, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HAYWARD INDUSTRIES, INC., a New Jersey Corporation,<br><br>Defendant. | **Case No. 1:10-cv-00306-OWW-GSA**<br><br>[Assigned to Hon. Oliver W. Wanger]<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT HAYWARD INDUSTRIES, INC.** |

Defendant Hayward Industries, Inc. ("Hayward"), through its attorneys Hernandez Schaedel & Associates, LLP and McCarter & English, LLP, answers the Complaint of Plaintiff WebQuest.com, Inc. ("WebQuest") as follows:

**ANSWER TO ALLEGATIONS OF NATURE OF ACTION**

Hayward admits that the Complaint seeks a declaratory judgment barring the transfer of domain names <wwwHayward.com> and <Hayward.com> to Hayward. Except as specifically stated, Hayward denies the remaining allegations of the Nature of Action preamble.

1

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**ANSWER TO ALLEGATIONS OF JURISDICTION**

1. Hayward admits that WebQuest alleges jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201(a) & 2202. Except as specifically stated, Hayward denies the allegations in paragraph 1 of the Complaint.

2. Hayward admits that in the arbitration matter styled <u>Hayward Industries, Inc. v. WebQuest.com, Inc.</u>, Case No. D2009-1493, conducted under the Uniform Domain Name Dispute Resolution Policy ("UDRP") before the World Intellectual Property Organization ("WIPO") (the "Underlying Action"), it pledged to submit to the jurisdiction of this Court with respect to any challenges by WebQuest to a decision to transfer the domain names <wwwHayward.com> and <Hayward.com> to Hayward. Except as specifically stated, Hayward denies the allegations in paragraph 2 of the Complaint.

3. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies the same.

**ANSWER TO ALLEGATIONS OF THE PARTIES**

4. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. Hayward admits that WebQuest identifies itself as a domain name investment company with a portfolio of thousands of domain names. Except as specifically stated, Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and therefore denies the same.

6. Hayward denies that the domain name <Hayward.com> is a "geographical domain name" or a "geo domain" as characterized by WebQuest. Except as specifically stated, Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

1  paragraph 6 of the Complaint, and therefore denies the same.

2      7.    Hayward admits the allegations in paragraph 7 of the Complaint.

3      8.    Hayward admits that it manufactures and sells a full line of state-of-the-art swimming pool controls, filters, heaters, pumps, valves, and automatic pool cleaners, as well as other related products, worldwide under a variety of trademarks including HAYWARD®.  Hayward further admits that its corporate headquarters is in New Jersey.  Except as specifically stated, Hayward denies the allegations in paragraph 8 of the Complaint.

## ANSWER TO ALLEGATIONS OF FACTUAL BACKGROUND

    9.    Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

    10.    Hayward denies that as a corporate trademark holder, it has filed abusive proceedings under the auspices of the UDRP with the intent of hijacking domain names from their rightful owners.  Except as specifically stated, Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and therefore denies the same.

    11.    Hayward denies that the Underlying Action was abusive.  Except as specifically stated, Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and therefore denies the same.

    12.    Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

    13.    Hayward admits that the WIPO arbitration panelists in the Underlying Action found that WebQuest was a bad faith actor.  Hayward denies that this finding was based on a combination of fabricated evidence, tortured logic, and a speculative

1  and unsubstantiated domain name valuation.  Except as specifically stated, Hayward
2  states that it currently is without knowledge or information sufficient to form a belief
3  as to the truth of the remaining allegations in paragraph 13 of the Complaint, and
4  therefore denies the same.

## ANSWER TO ALLEGATIONS OF THE AUCTION

6      14.    Hayward admits that on or about October 29, 2009, WebQuest attempted
7  to auction the domain name <Hayward.com> under rules requiring a $100,000 opening
8  minimum bid.  Except as specifically stated, Hayward states that it currently is without
9  knowledge or information sufficient to form a belief as to the truth of the remaining
10 allegations in paragraph 14 of the Complaint, and therefore denies the same.

11     15.    Hayward states that it currently is without knowledge or information
12 sufficient to form a belief as to the truth of the allegations in paragraph 15 of the
13 Complaint, and therefore denies the same.

14     16.    Hayward states that it currently is without knowledge or information
15 sufficient to form a belief as to the truth of the allegations in paragraph 16 of the
16 Complaint, and therefore denies the same.

## ANSWER TO ALLEGATIONS OF THE REGISTRATION

18     17.    Hayward admits that WebQuest purchased the domain name
19 <Hayward.com>  from Hayward & Associates, Inc., a Georgia corporation engaged in
20 various aspects of the information technology industry.  Hayward further admits that
21 the records of the public domain name registry database ("Whois Database") indicate
22 the domain name <wwwHayward.com> was initially registered on August 14, 2004.
23 Except as specifically stated, Hayward currently is without knowledge or information
24 sufficient to form a belief as to the truth of the remaining allegations in paragraph 17
25 of the Complaint, and therefore denies the same.

26     18.     Hayward states that it currently is without knowledge or information
27 sufficient to form a belief as to the truth of the allegations in paragraph 18 of the
28 Complaint, and therefore denies the same.

19. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies the same.

21. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first half of the second sentence in paragraph 21 of the Complaint, and therefore denies the same. Except as specifically stated, Hayward denies the remaining allegations in paragraph 21 of the Complaint.

22. Hayward denies the allegations in paragraph 22 of the Complaint.

## ANSWER TO ALLEGATIONS OF THE DEMAND LETTER

23. Hayward admits that it sent a letter to WebQuest dated August 1, 2006. Hayward states that the content of the letter speaks for itself. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and therefore denies the same.

24. Hayward admits that WebQuest responded to its August 1, 2006 letter in a letter dated August 4, 2006. Hayward states that the content of the letter speaks for itself. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and therefore denies the same.

25. Hayward admits that it did not initiate any communication with WebQuest after its August 1, 2006 letter and before on or about November 3, 2009. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and therefore denies the same.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**ANSWER TO ALLEGATIONS OF THE USE**

26. Hayward admits that WebQuest used the domain names <wwwHayward.com> and <Hayward.com> for uniform resource locators ("URLs") for websites offering pay-per-click ("PPC") advertising. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and therefore denies the same.

27. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies the same.

28. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences in paragraph 28 of the Complaint, and therefore denies the same. Except as specifically stated, Hayward denies the remaining allegations in paragraph 28 of the Complaint.

29. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies the same.

30. Hayward admits it contends that the advertiser hyperlinks leading to the websites of companies selling products of Hayward's competitors that were displayed on the websites www.wwwHayward.com and www.Hayward.com in response to keyword searches conducted on the main page of these websites for "Hayward" or swimming pool products sold by Hayward constituted an effort by WebQuest to profit from the goodwill represented by the HAYWARD® mark without the authorization of Hayward. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint, and therefore denies the same.

31. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint, and therefore denies the same.

32. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies the same.

## ANSWER TO ALLEGATIONS OF THE WEAK MARK

33. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies the same.

34. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies the same.

35. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies the same.

36. Hayward denies the allegations in paragraph 36 of the Complaint.

## ANSWER TO ALLEGATIONS OF THE ADMINISTRATIVE PROCEEDING

37. Hayward admits that it initiated the Underlying Action on or about November 3, 2009. Hayward further admits that WebQuest responded to the arbitration complaint in the Underlying Action on or about December 8, 2009. Hayward further admits that the arbitration panel decision in the Underlying Action is dated January 27, 2010. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, and therefore denies the same.

38. Hayward admits that the arbitration panel decision in the Underlying Action was first served upon it on February 9, 2010, and that this decision ordered the transfer of the domain names <wwwHayward.com> and <Hayward.com> from WebQuest to Hayward. Hayward states that the provisions of the UDRP speak for

themselves. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint, and therefore denies the same.

39. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies the same.

## ANSWER TO ALLEGATIONS OF CLAIM FOR DECLARATORY RELIEF

40. Hayward incorporates by reference the responses in paragraphs 1 through 39 as if fully set forth herein at length.

41. Hayward denies the allegations in paragraph 41 of the Complaint.

42. Hayward admits that WebQuest used false and misleading information in the Whois Database record for the domain name <Hayward.com>. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the Complaint, and therefore denies the same.

43. Hayward denies that its rights in the HAYWARD® mark are extremely weak and relevant only to pool supplies. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint, and therefore denies the same.

44. Hayward admits that WebQuest used the domain names <wwwHayward.com> and <Hayward.com> for URLs for websites offering PPC advertising. Except as specifically stated, Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint, and therefore denies the same.

45. Hayward denies that it fabricated evidence of bad faith by seeding a search engine box with competitive keyword terms. Except as specifically stated,

Hayward currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint, and therefore denies the same.

46. Hayward denies the allegations in paragraph 46 of the Complaint.

47. Hayward states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore denies the same.

48. Hayward admits that it initiated the Underlying Action. Hayward further admits that in its arbitration complaint in the Underlying Action, it contended, *inter alia*, that WebQuest registered and used the domain names <wwwHayward.com> and <Hayward.com> in bad faith. Except as specifically stated, Hayward denies the allegations in paragraph 48 of the Complaint.

49. Hayward states that the provisions of the UDRP speak for themselves. Hayward further states that WebQuest is asserting a legal conclusion in the second sentence of paragraph 49, and therefore denies the same.

50. Hayward states that WebQuest is asserting a legal conclusion in paragraph 50, and therefore denies the same.

51. Hayward admits that WebQuest seeks a declaration and judgment that its registration and use of the domain names <wwwHayward.com> and <Hayward.com> is a good faith use, and a cancellation of the transfer order of the panel in the Underlying Action. Except as specifically stated, Hayward denies the allegations in paragraph 51 of the Complaint.

## ANSWER TO ALLEGATIONS OF PRAYER FOR RELIEF

Hayward denies that WebQuest is entitled to any of the relief requested in its Prayer for Relief, and denies any allegations therein.

///

///

///

## SEPARATE AND AFFIRMATIVE DEFENSES

Without conceding that any of the following must be pleaded as an affirmative defense, or that any of the following is not already in issue by virtue of the foregoing responses, and without prejudice to Hayward's right to plead additional defenses as discovery into the facts of this matter may warrant, Hayward hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof.

## FIRST AFFIRMATIVE DEFENSE

52. WebQuest fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

53. This Court lacks subject matter jurisdiction over the claims in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

54. WebQuest failed to file this action in a timely manner.

## FOURTH AFFIRMATIVE DEFENSE

55. WebQuest's registration of the domain names <wwwHayward.com> and <Hayward.com> violated, *inter alia*, the Lanham Act, 15 U.S.C. § 1125, *et seq.*, and therefore its ownership of these domain names is unlawful and invalid.

## FIFTH AFFIRMATIVE DEFENSE

56. The arbitration panel decision from the Underlying Action transferring the domain names <wwwHayward.com> and <Hayward.com> to Hayward is entitled to deference on the merits.

## SIXTH AFFIRMATIVE DEFENSE

57. Hayward's pursuit of the domain names <wwwHayward.com> and <Hayward.com> through the Underlying Action was not in bad faith, as evidenced by the fact that Hayward prevailed in the arbitration panel decision.

///

///

## REQUEST FOR RELIEF

WHEREFORE, Hayward requests that WebQuest's Complaint be dismissed with prejudice, with all costs assessed against WebQuest, that Hayward be awarded its attorneys' fees and costs and such other and further relief as the Court may deem just or equitable.

## JURY DEMAND

Hayward hereby demands a trial by jury on all issues and claims raised in the Complaint that are triable by jury.

Respectfully submitted on April 26, 2010,

        HERNANDEZ, SCHAEDEL & ASSOCIATES, LLP

        By: /s/ Don A. Hernandez
            Don A. Hernandez
            Attorneys for Defendant
            HAYWARD INDUSTRIES, INC.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served by electronically filing the same with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

Mike Rodenbaugh, Esq.
RODENBAUGH LAW
548 Market Street
San Francisco, CA 97104

Erin Dennis Vivion, Esq.
RODENBAUGH LAW
7740 North Fresno Street
Suite 104
Fresno, CA 93720

Brett E. Lewis, Esq.
LEWIS & HAND, LLP
45 Main Street
Suite 608
Brooklyn, New York 11201

This the 26th day of April, 2010.

/s/ _Don A. Hernandez_____
Don A. Hernandez

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**