Mike Rodenbaugh
RODENBAUGH LAW
California Bar No. 179059
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Erin Dennis Vivion
RODENBAUGH LAW
California Bar No. 262599
7740 North Fresno Street, Suite 104
Fresno, CA  93720
(415) 738-8087

Brett E. Lewis, Esq.
LEWIS & HAND LLP
45 Main Street, Suite 608
Brooklyn, New York  11201
(718) 243-9323
*pro hac vice*

Attorneys for Plaintiff WebQuest Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| WEBQUEST.COM, INC.,  a California Corporation, | : : | |
| Plaintiff, | : : | |
| vs. | : : | Case No. 1:10-cv-00306-OWW-GSA |
| HAYWARD INDUSTRIES, INC., a New Jersey Corporation, | : : : | |
| Defendant. | : : : : | |

## ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES OF PLAINTIFF WEBQUEST, INC.

1
2
3

       Plaintiff, WebQuest.com, Inc. ("WebQuest"), by its attorneys, Lewis & Hand LLP and

Rodenbaugh Law, answers the Counterclaims of Defendant Hayward Industries, Inc. ("Hayward") as

follows:

4
5
6
7

   1.  WebQuest admits that this Court has subject matter jurisdiction over the Counterclaims brought

       by Hayward.  Except as expressly admitted, WebQuest denies the allegations of paragraph 1 of

       the Counterclaims.

8
9

   2.  WebQuest admits the allegations of paragraph 2 of the Counterclaims.

   3.  WebQuest admits the allegations of paragraph 3 of the Counterclaims.

10
11

   4.  WebQuest is without knowledge or information sufficient to form a belief as to the truth of the

       allegations of paragraph 4 of the Counterclaims.

12

   5.  WebQuest admits the allegations of paragraph 5 of the Counterclaims.

13
14
15
16
17

   6.  Webquest admits that Hayward sells swimming pool controls, filters, heaters, pumps, valves, and

       automatic pool cleaners, as well as other related products.  WebQuest is without knowledge or

       information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6

       of the Counterclaims.

18
19

   7.  WebQuest is without knowledge or information sufficient to form a belief as to the truth of the

       allegations of paragraph 7 of the Counterclaims.

20
21
22
23
24
25

   8.  WebQuest affirmatively avers that Hayward does not own a registered trademark in HAYWARD

       in connection with metal valves, fittings, pipe and accessories for swimming pools" in

       international class 006.  According to the United States Patent and Trademark Office ("USPTO")

       database, this trademark registration has been cancelled.  Except as otherwise stated, Webquest

       admits the allegations of paragraph 8 of the Counterclaims.

26
27

   9.  Paragraph 9 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the

       same.

28

10. Paragraph 10 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the same.

11. WebQuest denies the allegations of paragraph 11 of the Counterclaims.

12. Paragraph 12 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the same.

13. WebQuest denies the allegations of paragraph 13 of the Counterclaims.

14. Paragraph 14 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the same.

15. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Counterclaims.

16. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Counterclaims.

17. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Counterclaims.

18. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaims.

19. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaims.

20. WebQuest admits that the domain name <wwwHayward.com> includes the word "Hayward," a city located in northern California, but otherwise denies the allegations of paragraph 20.

21. WebQuest admits that the domain name <Hayward.com> includes the word "Hayward," a city located in northern California, but otherwise denies the allegations of paragraph 21.

22. WebQuest denies the allegations of paragraph 22 of the Counterclaims.

23. WebQuest denies the allegations of paragraph 23 of the Counterclaims.

24. WebQuest denies the allegations of paragraph 24 of the Counterclaims.

25. WebQuest denies the allegations of paragraph 25 of the Counterclaims.

26. WebQuest admits the allegations of paragraph 26 of the Counterclaims.

27. WebQuest denies the allegations of paragraph 27 of the Counterclaims.

28. WebQuest denies the allegations of paragraph 28 of the Counterclaims.

29. WebQuest admits the allegations of paragraph 29 of the Counterclaims.

30. WebQuest admits the allegations of paragraph 30 of the Counterclaims.

31. WebQuest admits the allegations of paragraph 31 of the Counterclaims.

32. WebQuest admits the allegations of paragraph 32 of the Counterclaims.

33. WebQuest admits the allegations of paragraph 33 of the Counterclaims.

34. WebQuest denies the allegations of paragraph 34 of the Counterclaims.

35. WebQuest admits that it purchased the <Hayward.com> domain name on or about July 31, 2006 from a third party.  Except as expressly so admitted, Webquest denies the allegations of paragraph 35 of the Counterclaims.

36. WebQuest admits the allegations of paragraph 36 of the Counterclaims.

37. WebQuest admits that it has continuously owned and controlled the domain names since acquiring them.  Except as expressly so admitted, Webquest denies the allegations of paragraph 37 of the Counterclaims.

38. WebQuest affirmatively avers that Hayward lacks exclusive rights to the word "Hayward." Among other uses, "Hayward" is the name of a city in northern California and a common last name.  Except as expressly admitted,  Webquest denies the remaining allegations of paragraph 38 of the Counterclaims.

39. WebQuest affirmatively avers that Hayward lacks exclusive rights to the word "Hayward." Among other uses, "Hayward" is the name of a city in northern California and a common last

name.  Except as expressly admitted, Webquest denies the remaining allegations of paragraph 39 of the Counterclaims.

40. WebQuest admits that Hayward obtained federal registrations for the HAYWARD mark in connection with pool-related products before the <wwwHayward.com> and <Hayward.com> domain names were registered, but affirmatively avers that such trademark registrations do not extend to the use of the word "Hayward" for other uses. Except as expressly admitted, Webquest denies the remaining allegations of paragraph 40 of the Counterclaims.

41. WebQuest denies the allegations of paragraph 41 of the Counterclaims.

42. WebQuest admits the allegations of paragraph 42 of the Counterclaims.

43. WebQuest denies the allegations of paragraph 43 of the Counterclaims.

44. WebQuest denies the allegations of paragraph 44 of the Counterclaims.

45. WebQuest admits the allegations of paragraph 45 of the Counterclaims.

46. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Counterclaims.

47. WebQuest affirmatively avers that it never threatened to "purposefully pursue technological means to direct 'Hayward' traffic to [its] web site away from Hayward Industries."  WebQuest states that the letter dated June 26, 2006 purporting to be from Hayward & Associates, which contains inadmissible hearsay, speaks for itself, and denies the remaining allegations of paragraph 47 of the Counterclaims.

48. WebQuest admits the allegations of paragraph 48 of the Counterclaims.

49. WebQuest admits the allegations of paragraph 49 of the Counterclaims.

50. WebQuest denies the allegations of paragraph 50 of the Counterclaims.

51. WebQuest denies the allegations of paragraph 51 of the Counterclaims.

52. WebQuest admits the allegation in the first sentence of paragraph 52 of the Counterclaims. Except as expressly admitted, WebQuest denies the allegations of paragraph 52 of the Counterclaims.

53. WebQuest affirmatively avers that the registrant of a .com domain name has no control over, and cannot change, the registration date listed in the whois records by Verisign, the .com registry. Except as expressly admitted, WebQuest denies the allegations of paragraph 53 of the Counterclaims.

54. WebQuest denies the allegations of paragraph 54 of the Counterclaims.

55. WebQuest admits that an **<u>administrative</u>** panel appointed by the World Intellectual Property Organization ("WIPO") in <u>Sidestep, Inc., v. WebQuest.com, Inc.</u>, Case No. D2007-0549 reached a legally erroneous and non-binding decision with respect to the domain name <sidestep.com>. WebQuest affirmatively avers that the panel's erroneous administrative decision has no bearing or weight in a case brought in federal court, and that as an intrinsic fact, the registrant of a domain name has no control over the registration date listed by the .com registry.

56. WebQuest admits that it registered the <wwwHayward.com> and <Hayward.com> domain names for their investment value as city-specific geo-domains, and for their possible future development or sale *as Geo domains*. Except as expressly admitted, WebQuest denies the allegations of paragraph 56 of the Counterclaims.

57. WebQuest admits that it registered the <wwwHayward.com> and <Hayward.com> domain names for their investment value as city-specific geo-domains, and for their possible future development or sale *as Geo domains*. Webquest further admits that the Hayward domains were part of a network of northern California-specific domains acquired for their possible future development or sale *as Geo domains*. Except as expressly admitted, WebQuest denies the allegations of paragraph 57 of the Counterclaims.

58. WebQuest admits the allegations of paragraph 58 of the Counterclaims.

59. WebQuest admits the allegations of paragraph 59 of the Counterclaims.

60. WebQuest admits the allegations of paragraph 60 of the Counterclaims, and refers defendant to paragraphs 26-29 of the Complaint for the reason why.

61. WebQuest admits the allegations of paragraph 61 of the Counterclaims, and refers defendant to paragraphs 26-29 of the Complaint for the reason why.

62. WebQuest admits that it has not yet developed websites corresponding to the Domain Names. WebQuest affirmatively avers that there is no legal requirement, and no requirement under the terms of Fabulous.com's services agreement, that in order to maintain ownership of a domain name, the owner must develop websites.  Except as expressly admitted, WebQuest denies the allegations of paragraph 62 of the Counterclaims.

63. WebQuest admits the allegations of paragraph 63 of the Counterclaims.

64. WebQuest admits the allegations of paragraph 64 of the Counterclaims.

65. WebQuest denies the allegations of paragraph 65 of the Counterclaims.

66. WebQuest denies the allegations of paragraph 66 of the Counterclaims.

67. WebQuest denies the allegations of paragraph 67 of the Counterclaims.

68. WebQuest denies the allegations of paragraph 68 of the Counterclaims.

69. WebQuest denies the allegations of paragraph 69 of the Counterclaims.

70. WebQuest admits that, during the time that WebQuest has owned the Domain Names, Webquest has never used the Web pages located at www.Hayward.com and www.wwwHayward.com to display advertisements or links to pool-related products.  Except as expressly admitted, WebQuest denies the allegations of paragraph 70 of the Counterclaims.

71. WebQuest denies the allegations of paragraph 71 of the Counterclaims.

72. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Counterclaims

73. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Counterclaims.

74. WebQuest directs defendant to paragraphs 26-32 of the Complaint for its answer to the allegations of paragraph 74 of the Counterclaims. Except as so admitted, Webquest denies the remaining allegations of paragraph 74 of the Counterclaims.

75. WebQuest directs defendant to paragraphs 26-32 of the Complaint for its answer to the allegations of paragraph 75 of the Counterclaims. Except as so admitted, Webquest denies the remaining allegations of paragraph 75 of the Counterclaims.

76. WebQuest directs defendant to paragraphs 26-32 of the Complaint for its answer to the allegations of paragraph 76 of the Counterclaims. Except as so admitted, Webquest denies the remaining allegations of paragraph 76 of the Counterclaims.

77. WebQuest admits the allegations of paragraph 77 of the Counterclaims.

78. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Counterclaims.

79. WebQuest denies the allegations of paragraph 79 of the Counterclaims.

80. WebQuest denies the allegations of paragraph 80 of the Counterclaims.

81. WebQuest denies the allegations of paragraph 81 of the Counterclaims.

82. WebQuest admits that the pay-per-click advertisements on the www.Hayward.com and www.wwwHayward.com websites have generated pay-per-click revenue for WebQuest of roughly Twenty Dollars ($20.00) per month, on a $20,000 investment. Except as so admitted, Webquest denies the remaining allegations of paragraph 82 of the Counterclaims.

83. WebQuest admits that it listed the domain name Hayward.com for auction, with a reserve price of one hundred thousand dollars ($100,000). Except as expressly admitted, Hayward denies the allegations of paragraph 83 of the Counterclaims.

84. WebQuest denies the allegations in paragraph 84 of the Counterclaims.

85. WebQuest denies the allegations in paragraph 85 of the Counterclaims.

86. WebQuest affirmatively avers that Hayward lacks exclusive rights to the word "Hayward." Among other uses, "Hayward" is the name of a city in northern California and a common last name. Except as expressly admitted, Webquest denies the remaining allegations of paragraph 86 of the Counterclaims.

87. WebQuest denies the allegations of paragraph 87 of the Counterclaims.

88. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Counterclaims.

89. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Counterclaims.

90. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Counterclaims.

91. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Counterclaims.

92. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Counterclaims.

93. WebQuest denies the allegations of paragraph 93 of the Counterclaims.

94. WebQuest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Counterclaims.

95. WebQuest denies the allegations of paragraph 95 of the Counterclaims.

96. WebQuest denies the allegations of paragraph 96 of the Counterclaims.

97. WebQuest denies the allegations of paragraph 97 of the Counterclaims.

98. WebQuest denies the allegations of paragraph 98 of the Counterclaims.

99. WebQuest admits that in the past, in the course of acquiring portfolios of domain names from third-parties, WebQuest may have acquired a small number of domain names that were similar to known or famous third party trademarks.  WebQuest proactively monitors its domain name portfolio and removes such names from it.  WebQuest has purged the vast majority, if not all, domain names that were similar to such third party trademarks, which comprise less than one percent (1%) of all domain names owned by WebQuest.  Except as expressly admitted, WebQuest denies the allegations of paragraph 99 of the Counterclaims.

100.       WebQuest affirmatively avers that it is not currently the owner of the domain names listed in paragraph 100 of the Counterclaims.  Except as expressly admitted, WebQuest denies the allegations of paragraph 100 of the Counterclaims.

101.       WebQuest admits the allegations of paragraph 101 of the Counterclaims.

102.       Paragraph 102 of the Counterclaims calls for a legal conclusion, and therefore denies the same.

103.       Paragraph 103 of the Counterclaims calls for a legal conclusion, therefore Webquest denies the same.

104.       Paragraph 104 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the same.

105.       Paragraph 105 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the same.

106.       Paragraph 106 of the Counterclaims calls for a legal conclusion, and therefore Webquest denies the same.

107.     WebQuest admits the allegations of paragraph 107 of the Counterclaims.

108.     WebQuest admits the allegations of paragraph 108 of the Counterclaims.

109.     WebQuest admits the allegations of paragraph 109 of the Counterclaims.

110.     WebQuest admits that Exhibit T purports to be a copy of a letter from Hayward to WebQuest dated August 1, 2006.  The letter speaks for itself.  Except for expressly admitted, WebQuest denies the allegations of paragraph 110 of the Counterclaims.

111.     WebQuest admits that Exhibit U purports to be a copy of a letter from WebQuest to Hayward dated August 4, 2006.  The letter speaks for itself.  Except for expressly admitted, WebQuest denies the allegations of paragraph 111 of the Counterclaims.

112.     WebQuest admits that Hostway initiated an **administrative** proceeding before WIPO, styled <u>Hayward Industries, Inc., v. WebQuest.com</u>, Case No. D2009-1493, and that Exhibit V purports to be a copy of Hayward's complaint in that matter.  Except as expressly admitted, WebQuest denies the allegations of paragraph 112 of the Counterclaims.

113.     The complaint speaks for itself.

114.     WebQuest admits the allegations in paragraph 114 of the Counterclaims.

115.     WebQuest admits the allegations of paragraph 115 of the Counterclaims.

116.     WebQuest admits that on January 27, 2010, the WIPO panel issued a non-binding and deeply-flawed decision.  The decision speaks for itself.  Except as expressly admitted, Webquest denies the remaining allegations in paragraph 116 of the Counterclaims.

117.     The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 117 of the Counterclaims.

118.     The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 118 of the Counterclaims.

119.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 119 of the Counterclaims.

120.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 120 of the Counterclaims.

121.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 121 of the Counterclaims.

122.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 122 of the Counterclaims.

123.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 123 of the Counterclaims.

124.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 124 of the Counterclaims.

125.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 125 of the Counterclaims.

126.    The decision speaks for itself.  Except as expressly admitted, WebQuest denies the allegations in paragraph 126 of the Counterclaims.

127.    WebQuest denies the allegations of paragraph 127 of the Counterclaims.

128.    WebQuest incorporates by reference its responses to paragraphs 1-127 of the Counterlcaims.

129.    WebQuest denies the allegations of paragraph 129 of the Counterclaims.

130.    WebQuest denies the allegations of paragraph 130 of the Counterclaims.

131.    WebQuest incorporates by reference its responses to paragraphs 1-130 of the Counterlcaims.

132.    WebQuest denies the allegations of paragraph 132 of the Counterclaims.

133.    WebQuest denies the allegations of paragraph 133 of the Counterclaims.

134.    WebQuest denies the allegations of paragraph 134 of the Counterclaims.

135.    WebQuest denies the allegations of paragraph 135 of the Counterclaims.

136.    WebQuest incorporates by reference its responses to paragraphs 1-135 of the

Counterlcaims.

137.    WebQuest denies the allegations of paragraph 137 of the Counterclaims.

138.    WebQuest denies the allegations of paragraph 138 of the Counterclaims.

139.    WebQuest incorporates by reference its responses to paragraphs 1-138 of the

Counterlcaims.

140.    WebQuest denies the allegations of paragraph 140 of the Counterclaims.

141.    WebQuest denies the allegations of paragraph 141 of the Counterclaims.

142.    WebQuest denies the allegations of paragraph 142 of the Counterclaims.

143.    WebQuest denies the allegations of paragraph 143 of the Counterclaims.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

144.    WebQuest registered and used the Domain Names in good faith for their value as geo

domains and with the good faith belief that such registration and use was lawful.  As such,

Webquest cannot be liable for cybersquatting.

### SECOND AFFIRMATIVE DEFENSE

145.    Hayward lacks exclusive or monopolistic rights to the use of the word "Hayward."

Hayward's trademark rights are limited to the scope of its trademark registrations and its use in

commerce, i.e., the use of Hayward in connection with pool-related products.  Webquest's

registration of the Domain Names for their value as geographic identifiers is lawful, and in good

faith, and unlikely to cause confusion.

THIRD AFFIRMATIVE DEFENSE

146.    The decision reached in WIPO Case No. 2009-1493 has no precedential effect or weight on this Court.

FOURTH AFFIRMATIVE DEFENSE

147.    WebQuest is not using the word "Hayward" in commerce *as a trademark* in connection with the offering of goods or services.  As such, Wequest cannot be liable for trademark infringement or dilution.

FIFTH AFFIRMATIVE DEFENSE

148.    WebQuest does not compete, either directly or indirectly, with Hayward.  Accordingly, Webquest cannot be liable for unfair competition.

SIXTH AFFIRMATIVE DEFENSE

149.    The HAYWARD® trademark owned by Hayward is not famous.  As such, Webquest cannot be liable for trademark dilution.

SEVENTH AFFIRMATIVE DEFENSE

150.    The offering for sale of a geographic domain name at an auction is not evidence of bad faith.  Descriptive word domain names and geo names are regularly sold at domain name auctions.

EIGHTH AFFIRMATIVE DEFENSE

151.    Use of pay-per-click advertising to generate revenue is not evidence of bad faith, absent evidence that a third party trademark owner is targeted.  WebQuest has in no way targeted Hayward in the pay-per-click advertisements displayed on the web pages located at www.Hayward.com and www.wwwHayward.com.   The use of Google search boxes on a parked page is not evidence of a bad faith intent to profit off of third party trademarks.

NINTH AFFIRMATIVE DEFENSE

152.    Hayward's claims are barred by the doctrine of laches.

TENTH AFFIRMATIVE DEFENSE

153.    Hayward is estopped from asserting its counterclaims as Webquest reasonably relied on its failure to take action to its detriment.

ELEVENTH AFFIRMATIVE DEFENSE

154.    WebQuest reserves the right to amend its Answer to the Counterclaims to add additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Counterclaims having been fully answered, WebQuest respectfully prays that this Court:

a.    Declare that WebQuest is the rightful registrant of the Domain Names and cancels the transfer order in the Administrative Action;

b.    Dismiss Hayward's Counterclaims and all claims and relief sought therein;

c.    Grant WebQuest its reasonable attorneys' fees and costs in this action; and

d.    Grant WebQuest such other and further relief as this Court deems just and proper.


Dated: Fresno, California
       May 17, 2010

                                    RODENBAUGH LAW

                                    By: /s/ Mike Rodenbaugh
                                        as authorized on May 17, 2010
                                    Mike Rodenbaugh, Esq.
                                    California Bar No. 179059
                                    548 Market Street
                                    San Francisco, CA  94104
                                    (415) 738-8087

                                    By: /s/ Erin Dennis Vivion

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>as authorized on May 17, 2010</u>
Erin Dennis Vivion, Esq.
California Bar No. 262599
7740 North Fresno Street
Suite 104
Fresno, CA  93720
(415) 738-8087


LEWIS & HAND LLP

By: <u>/s/ Brett E. Lewis</u>
Brett E. Lewis, Esq.
45 Main Street
Suite 608
Brooklyn, New York  11201
(718) 243-9323
(admitted *pro hac vice*)

Attorneys for Plaintiff WebQuest Inc.