Mike Rodenbaugh
**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 097104

Erin Dennis Vivion
**RODENBAUGH LAW**
7740 North Fresno Street
Suite 104
Fresno, CA 93720

Brett E. Lewis
**LEWIS & HAND, LLP**
45 Main Street
Suite 608
Brooklyn, NY 11201

*Attorneys for Plaintiff and Counterclaim*
*Defendant WebQuest.com, Inc.*

Don A. Hernandez
**HERNANDEZ SCHAEDEL &**
**ASSOCIATES, LLP**
2 North Lake Avenue
Suite 930
Pasadena, CA 91011
(626) 440-0022

Of Counsel:
Scott S. Christie
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

*Attorneys for Defendant and Counterclaim*
*Plaintiff Hayward Industries, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WEBQUEST.COM, INC.,** a California Corporation,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**HAYWARD INDUSTRIES, INC.,** a New Jersey Corporation,<br><br>    **Defendant.** | **Civil Action No. 1:10-cv-00306-OWW-GSA**<br><br>**JOINT REPORT OF PARTIES PURSUANT TO FED. R. CIV. P. 26(f) FOR JULY 1, 2010 MANDATORY SCHEDULING CONFERENCE**<br><br>Assigned for all Purposes to the Honorable Oliver W. Wanger.<br><br>Discovery Cut-Off: None<br>MSJ Hearing Cut-Off: None<br>Trial Date: None |

   Plaintiff and Counterclaim Defendant WebQuest.com, Inc. ("WebQuest") and Defendant and Counterclaim Plaintiff Hayward Industries, Inc. ("Hayward"), hereby jointly submit this Joint Report of Parties pursuant to Fed. R. Civ. P. 26(f).

1    Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and this Court's Order, a meeting of counsel

2    was held by telephone conference call on June 11, 2010.  The following persons attended:

3    Brett E. Lewis from Lewis & Hand, LLP, 45 Main Street, Suite 608, Brooklyn, NY 11201, for

4    WebQuest.

5    Scott S. Christie and Mark H. Anania from McCarter & English, LLP, Four Gateway Center, 100

6    Mulberry Street, Newark, NJ 07102, for Hayward.

7

**1.      Summary Of The Factual And Legal Contentions Set Forth In The Pleadings Of      Each**
8    **Party**

9    WebQuest's Complaint contains one claim for declaratory relief.  WebQuest seeks a declaration

10   that WebQuest is the rightful registrant of the domain names <Hayward.com> and

11   <wwwHayward.com> (the "Domain Names"); a cancellation of the order transferring those domain

12   names to Hayward that resulted from the administrative proceeding *Hayward Industries, Inc. v.*

13   *WebQuest.com, Inc.*, WIPO Case No. D2009-1493 (Jan. 27, 2010); an award of attorneys fees; and other

14   such relief.

15   Hayward's Counterclaims assert that WebQuest's registration and use of the Domain Names

16   constitute: (1) cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act; (2)

17   trademark infringement in violation of the Lanham Act and the common laws of various states including

18   California; (3) unfair competition in violation of the Lanham Act and the California Deceptive and

19   Unfair Trade Practices Act and the common laws of various states including California; and (4)

20   trademark dilution in violation of the Lanham Act and California's Anti-Dilution Statute.  In satisfaction

21   of these claims, Hayward seeks an injunction, an award of damages and attorneys fees, a transfer of the

22   Domain Names to Hayward, a disclosure to Hayward of all other domain names owned by WebQuest,

23   and other such relief.

24   **2.      Proposed Amendment(s) To The Pleadings**

25   WebQuest has no proposed or expected amendments to the pleadings.  Hayward is presently

26   considering whether to amend the pleadings to assert claims against Chad Wright, a principal of

27   WebQuest, in his personal capacity.

28

**3.**     **Summary Of The Uncontested And Contested Facts**

    The following is a summary of some of the uncontested facts involved in this case: Hayward owns a federally registered trademark for HAYWARD® for swimming pool related products.  The word Hayward is also the name of a city in northern California.  WebQuest acquired the Domain Names after Hayward acquired its federal registration for HAYWARD®.  WebQuest has never been known or identified by Hayward.

    WebQuest purchased the domain name <Hayward.com> from its prior owner, Hayward & Associates, a Georgia-based IT company, on or about July 31, 2006 for $20,000.  WebQuest had previously registered the <wwwHayward.com> domain name on August 14, 2004.  WebQuest asserts that it registered the Domain Names for their investment value as city-specific Geo domains, and for their possible future development or sale as Geo domains.  As of the date of the Complaint in this matter WebQuest has not developed a website for Hayward, California at the Domain Names.  WebQuest has used the Domain Names in connection with pay-per-click (PPC) advertising.

    In November 2009, WebQuest placed the <Hayward.com> domain name for auction at a domain industry conference at a listed reserve price of $100,000.  WebQuest is the owner of thousands of domain names.  In the past, in the course of acquiring portfolios of domain names from third-parties, WebQuest may have acquired a small number of domain names that were similar to known or famous third party trademarks.

    Upon discovery of WebQuest's registration of the Domain Names, Hayward sent WebQuest a letter on August 1, 2006 demanding that it cease and desist its use of these Domain Names and transfer them to Hayward.  WebQuest responded by letter on August 4, 2006, and denied the allegations.  In that letter, WebQuest informed Hayward Industries that it was the registrant of a portfolio of Northern California geo domain names, including <Hayward.com>, <CastroValley.com>, <SanLeandro.com>, <SanRamon.com>, and <Pleasanton.com>.  Hayward initiated an administrative proceeding before a panel of the World Intellectual Property Organization ("WIPO Panel") styled *Hayward Industries, Inc. v. WebQuest.com, Inc.*, WIPO Case No. D2009-1493 to compel transfer of the domain names <Hayward.com> and <wwwHayward.com> to Hayward.  The WIPO Panel found that WebQuest had

acted in bad faith in registering and using the domain names <Hayward.com> and <wwwHayward.com>, ordering the transfer of these domain names to Hayward.  This action was filed by WebQuest seeking a declaratory judgment that WebQuest is the rightful registrant of the domain names <Hayward.com> and <wwwHayward.com>.

The parties presently dispute certain facts surrounding WebQuest's acquisition of the domain names <Hayward.com> and <wwwhayward.com>, including its intent in doing so, WebQuest's use of websites associated with the domain names after registration, and actual confusion as to identification of the website www.Hayward.com with Hayward.

**4.     Summary Of The Legal Issues As To Which There Is No Dispute And Summary Of Disputed Legal Issues**

Neither party disputes issues of personal jurisdiction, venue, or the applicable federal and state law(s) that governs this case.

The parties dispute whether WebQuest's registration and use of the domain names <Hayward.com> and <wwwHayward.com> constitute (a) cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act; (b) infringement of Hayward's trademarks, including, but not limited to, HAYWARD® under the Lanham Act and the common laws of various states including California; (c) unfair competition in violation of the Lanham Act and the California Deceptive and Unfair Trade Practices Act and the common laws of various states including California;  and (d) dilution of Hayward's trademarks, including, but not limited to, HAYWARD®, in violation of the Lanham Act and California's Anti-Dilution Statute.  The parties further dispute the proper scope of relief to be awarded to each party.

**5.     Status Of All Matters Presently Before The Court**

There are currently no disputes or other matters presently before the Court.

**6.     Discovery Plan**

Pursuant to Fed. R. Civ. P. 26(f), the parties agree as follows:

**(A)     Changes to the timing, form or requirement for disclosures under Rule 26(a)**

The parties propose no changes to the timing, form, or requirement for initial disclosures under

Rule 26(a).  The parties have agreed to exchange Rule 26(a) disclosures on or before June 25, 2010.

**(B)     Subjects on which discovery may be needed and when discovery should be completed**

The parties both anticipate that discovery will be needed with respect to the nature and extent of Hayward's trademark rights, Hayward's prior awareness of Hayward California, the results of Hayward's searches performed on the www.hayward.com, and www.wwwhayward.com Web sites, and the factual and legal bases of support for Hayward's counterclaims.  Discovery will also be needed with regard to WebQuest's registration and use of the Domain Names, including  depositions of WebQuest principal Chad Wright and other appropriate WebQuest representatives, and WebQuest's usual pattern and practice of registering and using other domain names.  Furthermore, in the absence of appropriate stipulations from WebQuest, Hayward anticipates taking third-party discovery from website content providers employed by WebQuest in conjunction with the Domain Names and other WebQuest Web sites, from entities in possession of historical content of the websites associated with the Domain Names and other WebQuest websites, and from entities and individuals who mistakenly believe that the website www.hayward.com is associated with Hayward.

Both parties anticipate that fact discovery will be completed by December 31, 2010.  Neither party anticipates the use of or discovery from any experts.

**(C)     Electronic Discovery**

The parties agree that production of emails and other electronic files will be necessary.  Hayward also maintains that forensic examination of computer systems will be necessary in this case.  The parties have agreed to separately discuss a protocol to govern electronic discovery collection and production.

**(D)     Any issues about claims of privilege or of protection as trial-preparation materials**

The parties do not anticipate any such issues.

**(E)     Any changes or other limitations on discovery imposed by applicable rule(s)**

The parties anticipate seeking a protective order to govern the production of any proprietary or confidential information.

**(F)     Any other orders that the court should issued under Rules 26 or 16**

The parties do not have any proposals at this time beyond what is already stated herein.

**7.     Dates Agreed To By All Counsel**

(a) Filing pre-trial motions - January 28, 2011

(b) Pre-Trial Conference date - March 15, 2011

(c) Trial date - April 1, 2011

**8.     Statement Regarding Settlement**

The parties have engaged in settlement discussions, but have not been successful in resolving their dispute.  Prior to answering WebQuest's Complaint, Hayward offered WebQuest $20,000 to transfer the Domain Names to Hayward.  WebQuest declined the offer, as WebQuest does not wish to sell the Domain Names.  The parties would be receptive to the Court's scheduling of a settlement conference at the Court's convenience after some initial discovery has been exchanged by the parties.

**9.     Statement On Jury Demand**

Both parties have demanded a jury on all issues so triable.

**10.     Estimated Number Of Trial Days**

Both parties estimate that trial will take no longer than five (5) days.

**11.     Bifurcation Or Other Suggestions For Shortening Trial**

Both parties agree that bifurcation is not appropriate in this case and have no other suggestions for shortening the trial at this time.

**12.     Identification Of Any Related Matters**

There are not related matters currently pending in this or any other court.

1    **13.      Consent To Magistrate Judge**

2         WebQuest is willing to consent to trial before Magistrate Judge Gary S. Austin.  Hayward is not

3    willing to consent to trial before Magistrate Judge Austin.

4

5         Respectfully submitted on June 24, 2010,

6    /s/Mike Rodenbaugh                          /s/Don A. Hernandez

7    Mike Rodenbaugh                             Don A. Hernandez
     **RODENBAUGH LAW**                          **HERNANDEZ SCHAEDEL &**
8    548 Market Street                           **ASSOCIATES, LLP**
     San Francisco, CA 097104                    2 North Lake Avenue
9                                                Suite 930
10   Erin Dennis Vivion                          Pasadena, CA 91011
     **RODENBAUGH LAW**                          (626) 440-0022
11   7740 North Fresno Street
     Suite 104                                   Of Counsel:
12   Fresno, CA 93720                            Scott S. Christie
                                                 Mark H. Anania
13   Brett E. Lewis                              **McCARTER & ENGLISH, LLP**
14   **LEWIS & HAND, LLP**                       Four Gateway Center
     45 Main Street                              100 Mulberry Street
15   Suite 608                                   Newark, NJ 07102
     Brooklyn, NY 11201
16                                               *Attorneys for Defendant and Counterclaim*
     *Attorneys for Plaintiff and Counterclaim*  *Plaintiff Hayward Industries, Inc.*
17   *Defendant WebQuest.com, Inc.*

18

19

20

21

22

23

24

25

26

27

28