UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBQUEST.COM, INC., a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>HAYWARD INDUSTRIES, INC., a New Jersey corporation,<br><br>            Defendant. | 1:10-cv-0306 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 1/13/11<br><br>Non-Dispositive Motion Filing Deadline: 1/28/11<br><br>Non-Dispositive Motion Hearing Date: 3/4/11 9:00 Ctrm. 10<br><br>Dispositive Motion Filing Deadline: 2/28/11<br><br>Dispositive Motion Hearing Date: 3/28/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 1/19/11 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 5/2/11 11:00 Ctrm. 3<br><br>Trial Date: 6/7/11 9:00 Ctrm. 3 (JT-5 days) |

I.  Date of Scheduling Conference.

   July 1, 2010.

II. Appearances Of Counsel.

   Lewis & Hand, LLP by Brett E. Lewis, Esq., appeared on

1

behalf of Plaintiff.

McCarter & English, LLP by Scott S. Christie, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

1. WebQuest's Complaint contains one claim for declaratory relief. WebQuest seeks a declaration that WebQuest is the rightful registrant of the domain names <Hayward.com> and <wwwHayward.com> (the "Domain Names"); a cancellation of the order transferring those domain names to Hayward that resulted from the administrative proceeding *Hayward Industries, Inc. v. WebQuest.com, Inc.,* WIPO Case No. D2009-1493 (Jan. 27, 2010); an award of attorneys fees; and other such relief.

2. Hayward's Counterclaims assert that WebQuest's registration and use of the Domain Names constitute: (1) cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act; (2) trademark infringement in violation of the Lanham Act and the common laws of various states including California; (3) unfair competition in violation of the Lanham Act and the California Deceptive and Unfair Trade Practices Act and the common laws of various states including California; and (4) trademark dilution in violation of the Lanham Act and California's Anti-Dilution Statute. In satisfaction of these claims, Hayward seeks an injunction, an award of damages and attorneys fees, a transfer of the Domain Names to Hayward, a disclosure to Hayward of all other domain names owned by WebQuest, and other such relief.

IV. Orders Re Amendments To Pleadings.

1. WebQuest has no proposed or expected amendments to the

pleadings.  Hayward is presently considering whether to amend the pleadings to assert claims against Chad Wright, a principal of WebQuest, in his personal capacity.

    2.   Hayward shall take such discovery steps as it reasonably believes are necessary to determine whether to pursue a claim against Chad Wright within the period from the present to October 3, 2010.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   WebQuest.com Inc., is a California corporation.

        2.   Hayward Industries, Inc., is a New Jersey corporation.

        3.   Hayward owned a federally registered trademark for Hayward® for swimming pool related products.

        4.   The word Hayward is also the name of a city in Northen California.

        5.   WebQuest acquired the Domain Names after Hayward acquired its federal registration for Hayward®.

        6.   WebQuest has never been known or identified by Hayward.

        7.   Webquest purchased the domain name <Hayward.com> from its prior owner, Hayward & Associates, a Georgia-based IT company, on or about July 31, 2006 for $20,000.

        8.   WebQuest had previously registered the <wwwHayward.com> domain name on August 14, 2004.

        9.   WebQuest asserts that it registered the Domain Names for their investment value as city-specific Geo domains,

1    and for their possible future development or sale as Geo domains.

2    　　　10.   As of the date of the Complaint, WebQuest has not
3    developed a website for Hayward, California at the Domain Names.

4    　　　11.   WebQuest has used the Domain Names in connection
5    with pay-per-click (PPC) advertising.

6    　　　12.   In November 2009, WebQuest placed the
7    <Hayward.com> domain name for auction at a domain industry
8    conference at a listed reserve price of $100,000.

9    　　　13.   WebQuest is the owner of thousands of domain
10   names.

11   　　　14.   In the past, in the course of acquiring portfolios
12   of domain names from third-parties, WebQuest may have acquired a
13   small number of domain names that were similar to known or famous
14   third party trademarks.

15   　　　15.   Upon discovery of Webquest's registration of the
16   Domain Names, Hayward sent WebQuest a letter on August 1, 2006
17   demanding that it cease and desist its use of the two Hayward
18   Domain Names.

19   　　　16.   WebQuest responded by letter on August 4, 2006,
20   and denied the allegations.

21   　　　17.   In that letter, WebQuest informed Hayward
22   Industries that it was the registrant of a portfolio of Northern
23   California Geo domain names, including <Hayward.com>,
24   <CastroValley.com>, <SanLeandro.com>, <SanRamon.com>, and
25   <Pleasanton.com>.

26   　　　18.   Hayward initiated an administrative proceeding
27   before a Panel of the World Intellectual Property Organization
28   ("WIPO Panel") styled *Hayward Industries, Inc. v. WebQuest.com,*

1 *Inc.*, WIPO Case No. D2009-1493 to compel transfer of the domain
2 names <Hayward.com> and <wwwHayward.com> to Hayward.
3          19.   The WIPO Panel found that WebQuest had acted in
4 bad faith in registering and using the domain names <Hayward.com>
5 and <wwwHayward.com>, ordering the transfer of these domain names
6 to Hayward.
7          20.   This action was filed by WebQuest seeking a
8 declaratory judgment that WebQuest is the rightful registrant of
9 the domain names <Hayward.com> and <wwwHayward.com>.
10     B.   Contested Facts.
11          1.   The parties presently dispute certain facts
12 surrounding WebQuest's acquisition of the domain names
13 <Hayward.com> and <wwwhayward.com>, including its intent in doing
14 so, WebQuest's use of websites associated with the domain names
15 after registration, and actual confusion as to identification of
16 the website www.Hayward.com with Hayward.
17          2.   All remaining facts are disputed.
18 VI. Legal Issues.
19     A.   Uncontested.
20          1.   Jurisdiction exists under 28 U.S.C. § 1332 and the
21 Lanham Act.  Jurisdiction is also invoked under 28 U.S.C. § 1367.
22          2.   Venue is proper under 28 U.S.C. § 1391 and
23 relevant provisions of the Lanham Act.
24          3.   The parties agree that as to supplemental claims,
25 the substantive law of the State of California provides the rule
26 of decision.
27     B.   Contested.
28          1.   WebQuest's registration and use of the domain

1  names <Hayward.com> and <wwwHayward.com> constitute (a)
2  cybersquatting in violation of the Anti-Cybersquatting Consumer
3  Protection Act; (b) infringement of Hayward's trademarks,
4  including, but not limited to, Hayward® under the Lanham Act and
5  the common laws of various states including California; (c)
6  unfair competition in violation of the Lanham Act and the
7  California Deceptive and Unfair Trade Practices Act and the
8  common laws of various states including California; and (d)
9  dilution of Hayward's trademarks, including, but not limited to,
10 Hayward®, in violation of the Lanham Act and California's Anti-
11 Dilution Statute.  The parties further dispute the proper scope
12 of relief to be awarded to each party.
13 VII. Consent to Magistrate Judge Jurisdiction.
14     1.   The parties have not consented to transfer the
15 case to the Magistrate Judge for all purposes, including trial.
16 VIII.    Corporate Identification Statement.
17     1.   Any nongovernmental corporate party to any action in
18 this court shall file a statement identifying all its parent
19 corporations and listing any entity that owns 10% or more of the
20 party's equity securities.  A party shall file the statement with
21 its initial pleading filed in this court and shall supplement the
22 statement within a reasonable time of any change in the
23 information.
24 IX.  Discovery Plan and Cut-Off Date.
25     1.   The parties propose no changes to the timing, form, or
26 requirement for initial disclosures under Rule 26(a).  The
27 parties have agreed to exchange Rule 26(a) disclosures on or
28 before June 25, 2010.

1        2.    The parties both anticipate that discovery will be
2   needed with respect to the nature and extent of Hayward's
3   trademark rights, Hayward's prior awareness of Hayward
4   California, the results of Hayward's searches performed on the
5   www.hayward.com, and www.wwwhayward.com Web sites, and the
6   factual and legal bases of support for Hayward's counterclaims.
7   Discovery will also be needed with regard to WebQuest's
8   registration and use of the Domain names, including depositions
9   of WebQuest principal Chad Wright and other appropriate WebQuest
10  representatives, and WebQuest's usual pattern and practice of
11  registering and using other domain names.  Furthermore, in the
12  absence of appropriate stipulations from WebQuest, Hayward
13  anticipates taking third-party discovery from website content
14  providers employed by WebQuest in conjunction with the Domain
15  Names and other WebQuest Web sites, from entities in possession
16  of historical content of the websites associated with the Domain
17  Names and other WebQuest websites, and from entities and
18  individuals who mistakenly believe that the website
19  www.hayward.com is associated with Hayward.
20       3.    Both parties anticipate that fact discovery will be
21  completed by December 31, 2010.  Neither party anticipates the
22  use of or discovery from any experts.
23       4.    The parties agree that production of emails and other
24  electronic files will be necessary.  Hayward also maintains that
25  forensic examination of computer systems will be necessary in
26  this case.  The parties have agreed to separately discuss a
27  protocol to govern electronic discovery collection and
28  production.

7

5.  The parties do not anticipate any issues about claims of privilege or of protection as trial preparation materials.

6.  The parties anticipate seeking a protective order to govern the production of any proprietary or confidential information.

7.  The parties do not have any proposals at this time beyond what is already stated herein with regard to any orders that the court should issue under Rules 26 or 16.

8.  The parties are ordered to complete all discovery on or before January 13, 2011.

9.  The parties are directed to disclose all expert witnesses, in writing, on or before November 12, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before December 13, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

10.  The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

///

X.  Pre-Trial Motion Schedule.

    1.  All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 28, 2011, and heard on March 4, 2011, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.  In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.  All Dispositive Pre-Trial Motions are to be filed no later than February 28, 2011, and will be heard on March 28, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.  May 2, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.  Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

///

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.    June 7, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    5 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for January 19, 2011, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is

allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. Not suggested.

XVI. Related Matters Pending.

  1. There are no related matters.

XVII. Compliance With Federal Procedure.

  1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

  1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

  2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by

affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:　July 1, 2010**　　　　　　　　　　　　**/s/ Oliver W. Wanger**
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE