# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBQUEST.COM, INC., a California Corporation, | **Case No. 1:10-cv-00306-OWW-GSA** |
| Plaintiff, | [Assigned to Hon. Oliver W. Wanger] |
| v. | |
| HAYWARD INDUSTRIES, INC., a New Jersey Corporation, | |
| Defendant. | |
| AND RELATED CROSS-ACTION | |

## AFFIDAVIT OF SERVICE

I, Amanda Katzenstein, being of legal age and duly sworn upon oath, state that on August 11, 2010, I caused the following documents to be served, and on August 30, 2010, I caused the following documents to be filed:

1) Webquest.com, Inc.'s Notice of Motion for Sanctions for Defendant's Violation of F.R.C.P. 11(b),

2) WebQuest.com. Inc.'s Motion for Sanctions for Defendant's Violation of F.R.C.P. 11(b)

3) WebQuest.com, Inc.'s Memorandum of Law in Support of Webquest's Motion for Sanctions for Defendant's Violation of F.R.C.P. 11(b),

4) WebQuest.com, Inc.'s Proposed Order Granting Plaintiff's Motion for Sanctions for Defendant's Violation of F.R.C.P. 11(b)

5) Declaration of Brett E. Lewis

6) Affidavit of Service

1  to be served upon Defendant Hayward Industries, Inc. via U.S. mail and email to Defendant's counsel

2  at the following:

3

4  Scott S. Christie
   Mark H. Anania
5  McCARTER & ENGLISH, LLP
   Four Gateway Center
6  100 Mulberry Street
   Newark, NJ 07102
7  Telephone: (973) 848-5388
8  Facsimile: (973) 624-7070

9  Don A. Hernandez
10 HERNANDEZ SCHAEDEL & ASSOCIATES, LLP
   2 North Lake Avenue, Suite 930
11 Pasadena, California 91101
   Telephone: (626) 440-0022
12 Facsimile: (626) 628-1725

13
   *Counsel for Defendants and Counterclaim Plaintiffs*
14 *Hayward Industries, Inc.*

15 FURTHER AFFIANT SAYETH NAUGHT

16
   Date: August 30, 2010
17                                        Respectfully submitted,

18                                    **LEWIS & HAND, LLP**

19                              BY: _Amanda Ke_

20                                   Amanda Katzenstein (AK9640)
                                     45 Main Street, Suite 608
21                                   Brooklyn, NY 11201
                                     *Phone*: (718) 243-9323
22                                   *Fax*: (718) 243-9326
                                     Amanda@lewishand.com
23

24                                   *Counsel for Plaintiff and Counterclaim*
                                     *Defendant WebQuest.com, Inc.*
25

26

27

28

AFFIDAVIT OF SERVICE                                                        2

1   Subscribed to and sworn before me
    this 30th day of August, 2010
2

3

4

5

6   BRETT LEWIS, ESQ.
    Notary Public-State of New York
7   No. 02LE6110957
    Qualified in Kings County
8   My Commission Expires 08-22-2012

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SERVICE

1

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3 WEBQUEST.COM, INC., a California Corporation, | **Case No. 1:10-cv-00306-OWW-GSA** |
| 4 Plaintiff, | [Assigned to Hon. Oliver W. Wanger] |
| 5 v. | |
| 6 HAYWARD INDUSTRIES, INC., a New Jersey Corporation, | **NOTICE OF MOTION FOR SANCTIONS FOR DEFENDANT'S VIOLATION OF F.R.C.P. 11(b)** |
| 8 Defendant. | |
| 9 AND RELATED CROSS-ACTION | |

10

11   PLEASE TAKE NOTICE, that for the reasons set forth in the accompanying Memorandum of Law

12   in Support of Plaintiff WebQuest.com, Inc.'s Motion for Sanctions for Defendant Hayward

13   Industries, Inc.'s Violation of F.R.C.P. 11(b) and accompanying declaration of Brett E. Lewis,

14   Plaintiff WebQuest.com, Inc., will move this court on September 13, 2010 before the Hon. Oliver W.

15   Wanger, United States District Court Judge at the United States Courthouse, 2500 Tulare Street,

16   Fresno, CA 93721 for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and to

     grant such other and further relief as the Court deems proper.

17

18   Date:  August 11, 2010

19

20                                    Respectfully submitted,

21                                    **LEWIS & HAND, LLP**

22                                    BY: _____

23                                         Brett E. Lewis (BL6812)
                                            45 Main Street, Suite 608
24                                          Brooklyn, NY 11201
                                            *Phone*: (718) 243-9323
25                                          *Fax*: (718) 243-9326
                                            Brett@lewishand.com
26

27                                          *Counsel for Plaintiff and Counterclaim*
                                            *Defendant WebQuest.com, Inc.*
28

NOTICE OF MOTION FOR SANCTIONS                                                    1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WEBQUEST.COM, INC., a California Corporation, | **Case No. 1:10-cv-00306-OWW-GSA** |
| Plaintiff, | [Assigned to Hon. Oliver W. Wanger] |
| v. | |
| HAYWARD INDUSTRIES, INC., a New Jersey Corporation, | |
| Defendant. | |
| AND RELATED CROSS-ACTION | |

**PLAINTIFF'S MOTION FOR SANCTIONS FOR**
**DEFENDANT'S VIOLATION OF F.R.C.P. 11(b)**

Plaintiff WebQuest.com, Inc. ("WebQuest") respectfully moves this Court for sanctions against

defendant Hayward Industries, Inc. ("Hayward's") for its violation of F.R.C.P. 11 in connection with

defendant's filing of a frivolous, non-meritorious Motion for Partial Judgment on the Pleadings,

which motion was presented for the purpose of harassment and needlessly to increase the cost of

litigation to WebQuest. Defendant's improper filing glaringly omits all of the positive facts pleaded

by WebQuest in support of its Complaint and in response to defendant's Counterclaims. Plaintiff's

motion for sanctions is based upon this Motion, its Memorandum in Support of this Motion, the

Declaration of Brett E. Lewis, and on the file, record, and proceedings herein.


Date:  August 11, 2010

Respectfully submitted,

LEWIS & HAND, LLP

BY: _____
Brett E. Lewis (BL6812)
45 Main Street, Suite 608

PLAINTIFF'S MOTION FOR SANCTIONS                                                    1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brooklyn, NY 11201
*Phone*: (718) 243-9323
*Fax*: (718) 243-9326
Brett@lewishand.com

*Counsel for Plaintiff and Counterclaim
Defendant WebQuest.com, Inc.*

PLAINTIFF'S MOTION FOR SANCTIONS                                                              2

1

# TABLE OF AUTHORITIES

2

PAGE

3

## CASES

4
*Con-Way Inc. v. Conwayracing.com,* 2009 U.S. Dist. Lexis 67111
(N.D. Cal. 2009)..................................................................8

5
*Continental Airlines, Inc. v. Continentalair.com,* 2009 U.S. Dist. Lexis
117850 (E.D. Va. 2009) ......................................................8

6
*Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480

7
(9th Cir. 1984) ......................................................................4
*Fajardo v. County of L.A.,* 179 F.3d 698

8
(9th Cir.1999) ......................................................................4

9
*Garden of Life, Inc. v. Letzer,* 318 F. Supp. 2d 946
(C.D. Cal. 2004) ...............................................................5,8

10
*Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542
(9th Cir. 1989) ......................................................................4

11
*Interstellar Starship Svcs., Ltd. v. Epix, Inc.,* 304 F.3d 936

12
(9th Cir. 2002) ...............................................................5,6,7,9
*Lahoti v. VeriCheck, Inc.,* 586 F.3d 1190

13
(9th Cir. 2009) ......................................................................6
*Sporty's Farm LLC v. Sportsman's Market, Inc.,* 202 F.3d 489

14
(2d Cir. 2000) ......................................................................5
*Texas Int'l Property Assoc. v. Hoerbiger Holding AG,*

15
624 F. Supp. 2d 582 (N.D. Tex. 2009) ...............................8

16
*Toyota Motor Sales, U.S.A., Inc. v. Tabari,* D.C. No.
CV-03-08506-DSF (C.D. Cal. July 2010).........................9

17
*Verizon Cal Inc. v. OnlineNic Inc.,* 2008 U.S. Dist. Lexis 104516
(N.D. Cal. 2008) ..................................................................8

18
*Virtual Works, Inc. v. Volkswagen of Am., Inc.,* 238 F.3d 264

19
(4th Cir. 2001) ......................................................................5

20

## STATUTES

21
15 U.S.C. § 1125(d)(1) .....................................................5,6,7

22
Fed. R. Civ. P. 11.........................................................1,4,10,12
Fed. R. Civ. P. 12(c) .........................................................1,4

23
Fed. R. Civ. P. 26(f) .............................................................11

24

25

26

27

28

TABLE OF AUTHORITIES

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WEBQUEST.COM, INC., a California Corporation, | **Case No. 1:10-cv-00306-OWW-GSA** |
| Plaintiff, | [Assigned to Hon. Oliver W. Wanger] |
| v. | |
| HAYWARD INDUSTRIES, INC., a New Jersey Corporation, | **MEMORANDUM OF LAW IN SUPPORT OF WEBQUEST'S MOTION FOR SANCTIONS FOR DEFENDANT'S VIOLATION OF FED. R. CIV. P. 11(B)** |
| Defendant. | |
| AND RELATED CROSS-ACTION | |

**I. INTRODUCTION**

On June 29, 2010, defendant Hayward Industries, Inc. ("Hayward Industries") moved for Partial Judgment on the Pleadings. In support of its motion, Hayward Industries blatantly and systematically omitted every favorable fact pleaded by plaintiff WebQuest, Inc. ("Webquest"). The omissions, in papers drafted by a partner at a major law firm, are so glaring that the motion could not possibly have been filed in good faith, especially given that WebQuest's pleadings must be deemed to be true for the purposes of a Rule 12(c) motion. Rather, the clear intent of Hayward Industries in filing such a frivolous motion was to increase the burdens and costs of litigation for WebQuest.

For these reasons and those that follow, WebQuest respectfully requests that Hayward Industries and its attorneys be sanctioned, that WebQuest be entitled to its fees and costs in connection with this motion and defense of the Motion for Partial Judgment on the Pleadings, and that the Court award such other relief as the Court may deem warranted.

## II. STATEMENT OF FACTS

The following are just *some* of the facts pleaded by WebQuest, which were omitted from defendant's papers. WebQuest, a respected domain investment company founded in 2002, owns and manages a portfolio of thousands of descriptive, generic, dictionary word, keyword, and geographical ("geo") domain names. (Complaint at 3, 4). WebQuest registered the <wwwHayward.com> domain name on August 14, 2004 and purchased the domain name <Hayward.com> in good faith from its prior owner, Hayward & Associates, on or about July 31, 2006 for $20,000. (Complaint at 5). The registration and use of generic geo domains is widely recognized as a good faith use. (Complaint at 6).

WebQuest owns numerous geo domain names, including the domain names for such Northern California cities as Castro Valley (CastroValley.com), San Leandro (SanLeandro.com), San Ramon (SanRamon.com), Pleasanton (Pleasanton.com), and Union City (UnionCity.com). (Complaint at 3). As part of WebQuest's business plan to target geo domains, WebQuest registered such Bay Area city-specific domain names as <sanleandroclassifieds.com>, <sanleandrohomesforsale.com>, <sanramonclassifieds.com>, <sanramonjobs.com>, <fresnochat.com>, and <fresnoclassifieds.com>. (Complaint at 6). WebQuest similarly registered a number of Hayward, California-specific domain names between 2005 and 2007, including <haywardhomesforsale.com>, <haywardclassifieds.com>, <haywardclassified.com>, <haywardchat.com>, and <haywardcatering.com>. (Complaint at 6).

At the time that WebQuest registered the Domain Names, it had never heard of Hayward Industries. (Complaint at 6). Having never heard of Hayward Industries, WebQuest had no intent to divert customers searching for Hayward Industries' pool filter, heaters, pumps, or related equipment to www.Hayward.com. (Complaint at 6). Hayward Industries has not provided any evidence that competitive links were *displayed* in connection with the Hayward Sites. (Complaint at 8).

MEMORANDUM OF LAW IN SUPPORT OF
WEBQUEST'S MOTION FOR SANCTIONS

2

Hayward Industries contends, however, that *search results*, generated in response to Hayward Industries' *own* search requests entered into the Google search box embedded on the Hayward Sites, are evidence of WebQuest's bad faith intent to profit off of its various HAYWARD marks. (Complaint at 8). Hayward Industries simply entered terms such as "Hayward," "pool filter," and "pool hose" into a Google search box on the Hayward Sites. (Complaint at 8). The search results displayed on the Hayward sites in connection with those searches were supplied by Google. (Complaint at 8). Most, if not all, pay-per-click pages on the Internet contain a Google or other search engine search box. (Complaint at 8).

Web site owners have no control over the search terms entered or results served in response to user-generated Google search requests. (Complaint at 8). As such, no intent can be ascribed to a Website owner as a result of such searches. (Complaint at 8). When a trademark holder enters search terms in hopes of generating evidence of competitive listings, its results will be the same no matter whether it uses the Google search box on a parked page or on www.google.com. Any trademark holder of any common dictionary or geographically descriptive word could manufacture so-called evidence of bad faith, simply by performing a Google search and submitting the search results as fabricated "evidence" of bad faith. (Complaint at 8).

In November 2009, WebQuest placed the <Hayward.com> domain name for auction at the listed reserve price of $100,000. (Complaint at 5). WebQuest arrived at this figure based on WebQuest's knowledge of the domain name industry and previous comparable geo domain sales, where six-figure transactions are common. (Complaint at 5).

### III. ARGUMENT

In order to determine whether sanctions are warranted on this motion, the Court must first determine whether the defendant's motion has merit, or is warranted by existing law or a

nonfrivolous argument for extending the law. *See* Fed. R. Civ. P. 11.  Defendant's motion utterly lacks merit.

It is well settled that Courts in this jurisdiction will not grant judgment on the pleadings unless, "taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.,* 179 F.3d 698, 699 (9th Cir.1999). It is beyond dispute that, "[f]or purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989) citing *Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984).  Judgment at the pleadings stage is proper only, "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law…" *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989) citing Fed. R. Civ. P. 12(c); *Doleman,* 727 F.2d at 1482.

The law is clear.  Hayward Industries does not have the right to pick and choose which facts it gets to include in its motion papers – all facts pleaded by WebQuest must be deemed to be true. Following that legal standard in good faith, it is unfathomable that a partner at a major law firm would think that it was proper to omit every single fact pleaded by WebQuest that supports WebQuest's position.  Hayward's counsel cannot side step the issue by simply ignoring the facts that are fatal to its motion.

## A. WebQuest Pleaded A Valid Cause of Action for A Declaratory Judgment

### 1. Legal Standard

Hayward Industries moved for Judgment on the Pleadings only with respect to: (1) WebQuest's cause of action for a declaratory judgment that WebQuest is the rightful owner of the Domain Names, and (2) Hayward Industries' counterclaim under the Anticybersquatting Consumer Protection Act ("ACPA"). 15 U.S.C. § 1125(d)(1). The ACPA provides that a person will be liable under the Act if that person:

> i) Has a bad faith intent to profit from the mark
> ii) Registers, traffics in, or uses a domain name that
>     (I)    in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark…

15 U.S.C. § 1125(d)(1). The Act lists nine factors a court **may** consider in determining whether a domain name has been registered in bad faith. *See* 15 U.S.C. §1125 (d)(1)(b)(i). The enumerated factors are discretionary, however, and are not intended to be an exclusive list. 15 U.S.C. §1125 (d)(1)(b)(i); *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 269 (4th Cir. 2001) ("We need not, however, march through the nine factors seriatim because the ACPA itself notes that use of the listed criteria is permissive."); *Interstellar Starship Svcs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 946-47 (9th Cir. 2002) ("Congress did not mean these factors to be an exclusive list; instead, 'the most important grounds for finding bad faith are "the unique circumstances of the case, which do not fit neatly into the specific factors enumerated by Congress."'" *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 271 (4th Cir.2001) (quoting *Sporty's Farm LLC v. Sportsman's Market, Inc.*, 202 F.3d 489, 495 (2d Cir. 2000))); *Garden of Life, Inc. v. Letzer*, 318 F. Supp. 2d 946, 960-61 (C.D. Cal. 2004) (referring to the factors as "non-exclusive").

Additionally, the Act provides that bad faith intent "shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." 15 U.S.C. §1125(d)(1)(b)(ii).

### 2. **Analysis**

Accepting all of the pleadings in the Complaint and WebQuest's denials of the Counterclaims as true, we respectfully submit that material issues of fact concerning WebQuest's intent in registering the Domain Names abound.  Notwithstanding defendant's claim of *constructive* knowledge (i.e., that Hayward Industries had registered trademarks), WebQuest had never actually heard of Hayward Industries before registering the Domain Names. (Complaint at 6.)  Liability under the ACPA is not strict liability, unlike liability for trademark infringement under the Lanham Act. *Lahoti v. VeriCheck, Inc.,* 586 F.3d 1190, 1202 (9th Cir. 2009) (" 'A finding of "bad faith" is an essential prerequisite to finding an ACPA violation,' though it is not required for general trademark liability." *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 946 (9th Cir. 2002)); 15 U.S.C. § 1125(d)(1)(B)(ii) (noting that some domain names may have been registered for fair or reasonable grounds).  Since WebQuest was not aware of Hayward Industries at the time that it registered the Domain Names, it did not and could not have done so with a bad faith intent to profit off of defendant's HAYWARD marks. *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 939, 943, 946-47 (9th Cir. 2002) (court declined to find cybersquatting when the registrant of www.epix.com registered the website five years after Epix, Inc. registered the mark with the USPTO, where both parties marketed to a different consumer base and the domain name registrant had not heard of Epix).

In its Memorandum in Support of its Motion for Partial Judgment of the Pleadings, defendant omits any mention of WebQuest's history of investing in geo domain names, including the domains for such cities in the Bay Area surrounding Hayward as <CastroValley.com>, <SanLeandro.com>, <SanRamon.com>, <Pleasanton.com>, and <UnionCity.com>.  Defendant also omitted that as part of its geo-targeted investment strategy, WebQuest also registered a number of keyword geo domain

names for Hayward and other Northern California cities, such as <haywardclassified.com>,

<haywardhomesforsale.com>, <haywardclassifieds.com>, <sanramonjobs.com>,

<sanleandroclassifieds.com>, <sanleandrohomesforsale.com>, <sanramonclassifieds.com>,

<fresnochat.com>, and <fresnoclassifieds.com>, all *before* it was ever contacted by Hayward

Industries. (Complaint at 6). The registration of these and other keyword targeted domain names

strongly suggests that WebQuest's interest in the Domain Names was for their value as geographic

keywords.

Hayward, nevertheless, argues that the fact that WebQuest offered the Domain Name for sale

for $100,000 at auction three and a half years after acquiring it for $20,000 makes WebQuest a bad

faith actor. (Hayward's Memorandum in Support of Motion for Partial Judgment on the Pleadings at

1-3, 10, 12). As an initial matter, WebQuest neither registered the Domain Names with the intent to

sell them to Hayward Industries, nor offered to sell the Domain Names to Hayward Industries.

Complaint at 6; 15 U.S.C. 1125(d)(1)(B)(I)(VI); *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304

F.3d 936, 9476 (9th Cir. 2002) (even offers to sell do not always denote bad faith). The prior sale of

geo domain names by WebQuest and third party domainers in the range of six figures and above

further undermines the argument that WebQuest bought <Hayward.com> for its value to Hayward

Industries. Complaint at 5. Hayward Industries is not an expert on domain name valuation, and its

self-serving allegations, without any legal authority, that WebQuest attributed trademark value to its

auction pricing are entitled to no weight on a motion for judgment on the pleadings, where such

allegations have been disputed.

Hayward Industries next contends that WebQuest is a bad faith actor because it failed to use

the Domain Names in connection with a Hayward, California-specific Web site. (Hayward's

Memorandum in Support of Motion for Partial Judgment on the Pleadings at 3). As a preliminary

matter, as long as WebQuest intended to use the Domain Names in a non-infringing manner, how it actually used the Domain Names and whether and when it developed them is irrelevant. No one would contend that Donald Trump is a bad faith actor for purchasing a lot on Rodeo Drive, announcing plans to build a tower, and not developing it right away, yet that's exactly what defendant accuses WebQuest of doing. It is a self-serving argument, disputed by the Complaint, and entitled to no weight on a motion for judgment on the pleadings.

Furthermore, none of the cases that Hayward Industries cites in support of its proposition that WebQuest was a bad faith actor in its Motion for Judgment of the Pleadings are relevant to the facts of this case. Nor do any of those cases involve a motion for judgment on the pleadings. *Texas Int'l Property Assoc. v. Hoerbiger Holding AG,* 624 F. Supp. 2d 582 (N.D. Tex. 2009) was decided on summary judgment, *Garden of Life, Inc. v. Letzer,* 318 F, Supp. 2d 946 (C. D. Cal. 2004) involved the court granting a preliminary injunction, and *Verizon Cal Inc. v. OnlineNic Inc.,* 2008 U.S. Dist. Lexis 104516 (N.D. Cal. 2008), *Con-Way Inc. v. Conwayracing.com,* 2009 U.S. Dist. Lexis 67111 (N.D. Cal. 2009), *Continental Airlines, Inc. v. Continentalair.com,* 2009 U.S. Dist. Lexis 117850 (E.D. Va. 2009) were all decided on default. The cases cited above involve famous marks, registration of an extreme number of multiple and similar domain names, competitive websites, blatant Web site diversion tactics, offers to sell in the millions, and misspellings of famous marks. See *Id.*

The reason why the Hayward Sites were different than WebQuest's other geo sites was that WebQuest had the auto-optimization feature for the Domain Names turned off – *in response to defendant's demand letter.* (Complaint at 7). It bears repeating: no auto-optimization equals no geographically relevant advertisements. There is no third option that would have allowed WebQuest to filter out advertisements that may have referred to defendant's or its competitors' products, while

allowing geographically targeted advertisements to be served. Without auto-optimization, the

Domain Names served ads to generic, non-specific products and services. There was no bad faith

intent behind the pay-per-click advertisements served on the Hayward Sites, or the failure to serve

geographically targeted content.

Notwithstanding defendant's expansive claims to the Domain Names, for the purposes of its

motion, this Court must accept that Hayward Industries lacks *exclusive* rights to the Domain Names,

given its limited registrations in the field of pool pumps, filters, and supplies, and the widespread use

of HAYWARD by third parties. HAYWARD is not VERIZON or PORSCHE, GOOGLE or

MICROSOFT or eBAY or YAHOO, or any one of several hundred truly famous marks. However,

courts have even found there are times that using a truly famous mark in a domain name can be an

acceptable use. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, D.C. No. CV-03-08506-DSF (C.D. Cal.

July 2010) (allowing use of the Lexus Mark in domain names.) Although there are few good reasons

why one might ever register a domain name incorporating the words YAHOO, or GOOGLE, or

MICROSOFT in their entirety in a domain name, the same is not true for HAYWARD. *See*

*Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 943 (9th Cir. 2002) ("Contrary to Epix's

contentions and, as a matter of law, all uses of www.epix.com do *not* generate initial interest

confusion with the EPIX mark."). It is the name of at least three cities, a lake, 30,000 last names,

numerous company names, 22 trademark registrations, and more. WebQuest believed, in good faith,

that it had the right to register <Hayward.com> as the name of a city in a domain name because that

is what the law is. (Complaint at 6). WebQuest has sufficiently pleaded the point.

Defendant's motion finally rests on the allegation that WebQuest is a bad faith actor because

it registered a small number of domain names which are similar to known trademarks – less than 1%

of the total number registered by WebQuest. (Answer to Counterclaims and Affirmative Defenses of

Plaintiff WebQuest, Inc. at 10; Hayward's Memorandum in Support of Motion for Partial Judgment

on the Pleadings at 11).   In answer to paragraph 99 of the Counterclaims, WebQuest averred:

> in the past, in the course of acquiring portfolios of domain names from third-parties, WebQuest may have acquired a small number of domain names that were similar to known or famous third party trademarks.  WebQuest proactively monitors its domain name portfolio and removes such names from it.  WebQuest has purged the vast majority, if not all, domain names that were similar to such third party trademarks, which at all times have comprised less than one percent (1%) of all domain names ever owned by WebQuest.

Answer to Counterclaims and Affirmative Defenses of Plaintiff WebQuest, Inc. at 10.

Taking WebQuest's pleadings as true, WebQuest does not intentionally target third party domain

names.  Amongst the thousands of domain names ever registered or acquired by WebQuest, 99% or

more were comprised of dictionary words and phrases.  If any correlation is to be drawn from

WebQuest's history of registering domain names, it is that it is 99 times more likely that WebQuest

registered a domain name for its value as a dictionary word than for any other reason.

Taken on the whole, the above facts, at a minimum, create genuine issues as to material facts

with respect to WebQuest's intent in registering the Domain Names.

## B. Defendant and Its Counsel Should be Sanctioned

Rule 11 of the Federal Rules of Civil Procedure provides that, "[b]y presenting to the court a

. . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information

and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented

for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

of litigation." Fed. R. Civ. P. 11.  In filing papers that poke a thumb in the eye of the Federal Rules

of Civil Procedure, that ignore the applicable standard that all pleadings of a non-moving party must

be deemed to be true, that are designed to harass and to needlessly increase the costs of litigation,

Hayward Industries and its counsel have crossed the line between vigorous advocacy and improper

litigation tactics.  The fact that a company with hundreds of millions of dollars in reported annual

MEMORANDUM OF LAW IN SUPPORT OF
WEBQUEST'S MOTION FOR SANCTIONS

10

revenues would employ such tactics against a sole proprietorship makes defendant's actions even more egregious. This is a clear case of a Goliath abusing legal process to gain an advantage in litigation over a David.

When counsel conferred pursuant to Rule 26(f), counsel for both parties stated that they did not plan to file any motions. (Declaration of Brett E. Lewis ("Lewis Decl."), ¶ 6), Eighteen days later, on June 29, 2010, counsel for defendant filed its Motion for Partial Judgment of the Pleadings. (Lewis Decl., ¶ 7). Counsel for defendant first contended that it decided to move based on new facts contained in the statement of *undisputed* facts submitted to the Court. (Lewis Decl., ¶ 8). WebQuest respectfully submits that no new facts were in the Rule 26(f) Statement, which had not previously been pleaded by WebQuest. That statement also omits *all* of the disputed facts. Counsel's initial explanation for why it changed course and filed the motion appears to be a pretext.

Counsel for defendant now contends that it filed a costly and vexatious motion in order to save costs. (Lewis Decl., ¶ 9). Although the granting of a meritorious motion at the pleadings stage of a litigation does reduce the costs of litigation, the filing of a frivolous motion has the opposite effect. Defendant and its counsel do not even argue that the facts *actually pleaded* fail to create issues of material fact. They simply ignore them. The omission is egregious. When asked to postpone the date of oral argument on defendant's motion, to allow time for this Court to issue a tentative ruling that could have possibly saved both of the parties some of the costs associated with travel and arguing the motion, defendant refused to reschedule, stating that further delays in receiving a decision on its motion would result in greater costs to its client. (Lewis Decl., ¶ 10). Defendant's decision was regrettable, and another pretext. Perhaps the single greatest indication that defendant *knows* that its motion lacks merit is the deliberate decision to omit the pleadings which are fatal to it.

Rule 11 was designed to prevent exactly the type of abusive litigation practice engaged in by Hayward Industries and its counsel.  We respectfully request that the Court award WebQuest its fees and costs in connection with this motion, as well as the costs of defending the Motion for Partial Judgment of the Pleadings, and such other relief as the court deems just.

### IV. CONCLUSION

For all of the foregoing reasons, WebQuest respectfully requests that the Court grant the relief requested herein.

Date:  August 11, 2010

Respectfully submitted,

LEWIS & HAND, LLP

BY: _____

Brett E. Lewis (BL6812)
45 Main Street, Suite 608
Brooklyn, NY 11201
*Phone*: (718) 243-9323
*Fax*: (718) 243-9326
Brett@lewishand.com

*Counsel for Plaintiff and Counterclaim
Defendant WebQuest.com, Inc.*

MEMORANDUM OF LAW IN SUPPORT OF
WEBQUEST'S MOTION FOR SANCTIONS

12

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBQUEST.COM, INC., a California Corporation, | **Case No. 1:10-cv-00306-OWW-GSA** |
| Plaintiff,<br><br>v.<br><br>HAYWARD INDUSTRIES, INC., a New Jersey Corporation,<br><br>Defendant. | [Assigned to Hon. Oliver W. Wanger]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S VIOLATION OF F.R.C.P. 11(b)** |
| AND RELATED CROSS-ACTION | |

The motion of Plaintiff WebQuest.com, Inc. ("WebQuest") for an order granting Sanctions pursuant to F.R.C.P. 11 against Hayward Industries, Inc. ("Hayward") and its counsel having come before the Court, and the Court having considered the papers filed in support thereto, and for good cause appearing, the Court hereby orders as follows:

(1)  WebQuest's Motion for Sanctions for Defendant's Violation of F.R.C.P. 11(b) is hereby GRANTED;

(2)  WebQuest shall be entitled to recover the costs and attorneys' fees associated with this motion and the defense of the Motion for Partial Judgment on the Pleadings. WebQuest shall present a declaration detailing the fees it has incurred by _____.

**IT IS SO ORDERED.**

Dated: _____.

_____
HON. OLIVER W. WANGER
United States District Judge

Presented by:

/s/ Brett E. Lewis

Brett E. Lewis
Lewis & Hand, LLP
45 Main Street, Suite 608
Brooklyn, NY 11201
*Phone*: (718) 243-9323
*Fax*: (718) 243-9326
Brett@lewishand.com

*Counsel for Plaintiff and Counterclaim
Defendant WebQuest.com, Inc.*

PROPOSED ORDER GRANTING
PLAINTIFF'S MOTION FOR SANCTIONS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBQUEST.COM, INC., a California Corporation, | **Case No. 1:10-cv-00306-OWW-GSA** |
| Plaintiff,<br>v. | [Assigned to Hon. Oliver W. Wanger] |
| HAYWARD INDUSTRIES, INC., a New Jersey Corporation, | |
| Defendant. | |
| AND RELATED CROSS-ACTION | |

## DECLARATION OF BRETT E. LEWIS

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | ) ss: |
| **COUNTY OF KINGS** | ) |

I, Brett E. Lewis, declare the following under penalty of perjury:

1. My name is Brett Lewis. I am a partner in the law firm Lewis & Hand, LLP.

2. I represent WebQuest.com, Inc. ("Webquest") in the above-captioned case. I am making this declaration based upon my personal knowledge and review of documents in this case.

3. I am submitting this declaration on behalf of WebQuest to describe the reason WebQuest is moving for sanctions pursuant to F.R.C.P. 11.

4. WebQuest, a respected domain investment company founded in 2002, owns and manages a portfolio of thousands of descriptive, generic, dictionary word, keyword, and geographical ("geo") domain names including <hayward.com> and <wwwhayward.com>.

5. On February 19, 2010, WebQuest filed a complaint in the Eastern District of California seeking declaratory judgment regarding the domain names <hayward.com> and <wwwhayward.com>.

DECLARATION OF BRETT E. LEWIS

6. When counsel conferred pursuant to Rule 26(f) on June 11, 2010, counsel for both parties stated that they did not plan to file any motions.

7. On June 29, 2010, counsel for Hayward Industries, Inc. filed a frivolous "Motion for Partial Judgment of the Pleadings."

8. Counsel for defendant first contended that it decided to move, only after WebQuest agreed to supposedly new facts contained in the statement of *undisputed* facts submitted to the Court.

9. Counsel for defendant now contends that it filed the motion in order to save costs.

10. When asked to postpone the date of oral argument on defendant's motion, to allow time for this Court to issue a tentative ruling that could have possibly saved the parties some of the costs associated with travel and arguing the motion, defendant refused to reschedule, stating that further delays in receiving a decision on its motion would result in greater costs to its client.

Date: August 11, 2010

Respectfully submitted,

**LEWIS & HAND, LLP**

BY: _____
Brett E. Lewis (BL6812)
45 Main Street, Suite 608
Brooklyn, NY 11201
*Phone*: (718) 243-9323
*Fax*: (718) 243-9326
Brett@lewishand.com

*Counsel for Plaintiff and Counterclaim*
*Defendant WebQuest.com, Inc.*

DECLARATION OF BRETT E. LEWIS